UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

FILED
DEC - 8 2009
DAVID CREWS, CLERK
By_____ Deputy

COURT FILE NO.: 1:09CV294-MD

| Teddy Windham,<br><br>　　　　Plaintiff,<br>v.<br><br>Franklin Collection Services, Inc.<br><br>　　　　Defendant. | **COMPLAINT**<br><br><br><br>**JURY TRIAL DEMANDED** |
|---|---|

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by this Defendant and its agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

## PARTIES

4. Plaintiff Teddy Windham is a natural person who resides in Prentiss County, Mississippi, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Franklin Collection Services, Inc. (hereinafter "FCSI") is a collection agency operating from an address of 2978 W. Jackson Street, Tupelo, MS 38801, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

6. In 2005, Plaintiff incurred a financial obligation that was primarily for medical treatment and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a medical bill with North Mississippi Medical Center, which was for anesthesia for a bone cancer treatment.

7. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

8. Beginning in 2006, Defendant began calling Plaintiff at his residence in an effort to collect the above-referenced debt. These calls have continued, with varying frequency through the date of this complaint.

9. In or about August 2009, Defendant began a new cycle of collection efforts, using an auto-dialer to call Plaintiff's house on a daily basis.

10. On the occasions that Plaintiff has spoken to Defendant's agents since 2009 Defendant's agents have been rude, disrespectful and abusive.

11. Plaintiff has consistently refused to pay the amount demanded by Defendant and its agents, and has informed Defendant's agents that he doesn't owe the alleged debt.

12. Defendant's agents have yelled at Plaintiff and referred to him as "sorry" and "a deadbeat".

13. On several occasions Plaintiff has requested the Defendant's agents stop calling him and remove his number from their auto-dialer system, as he has no intention of paying the disputed debt.

14. Plaintiff has also informed Defendant's agent that the alleged debt should have been paid by his insurance company.

15. Plaintiff has, on several occasions, told Defendant's agents that he can show that the alleged debt is not actually owed.

16. Plaintiff has asked that Defendant file suit so that the status of the debt could be determined by a court.

17. Defendant's agents have told Plaintiff that they would not sue Plaintiff but would instead "call him every single day until the debt is paid."

18. At all times relevant to the facts alleged herein Plaintiff has resided in the state of Mississippi, all medical service performed on Plaintiff were performed in the state of Mississippi, and any dispute related to debts incurred or allegedly incurred as a result of such medical treatment are to be construed pursuant to the laws of the state of Mississippi.

19. Pursuant to Mississippi law, the statute of limitations for bringing suit to collect on a private debt such as the one at issue here is three years. Miss. Code Ann. § 15-1-29. Furthermore "the completion of the period of limitation prescribed to bar any action shall defeat and extinguish the right as well as the remedy." Miss. Code Ann. § 15-1-3.

20. As the debt Defendant alleges Plaintiff owes was incurred in 2005, the period of limitation applicable to that debt has run. Accordingly, both the availability of a legal remedy as well as the right to collect on the alleged debt has been foreclosed.

*Summary*

21. The above-described collection communications made to Plaintiff by Defendant FCSI and/or its collection employees were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§, 1692d 1692e, and 1692e(2), 1692e(10), 1692f, 1692f(1) amongst others.

22. The above-detailed conduct by Defendant and/or its agents of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Const. amend. 7. Fed.R.Civ.P. 38.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

24. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

26. As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to

$1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from Defendant herein.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant:

### COUNT I.

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant and for the Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendant and for the Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant and for the Plaintiff;

- for such other and further relief as may be just and proper.

Respectfully submitted,

November 24, 2009

**DEAS & DEAS, LLC**

By: **/s/W. Lawrence Deas**
W. Lawrence Deas, Esq.
MS Bar No. 100227
P.O. Box 7282
Tupelo, MS 38802
Telephone: (662)842-4546
Facsimile: (662)842-5449
ldeas@aol.com

**Attorney for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MISSISSIPPI )
)
COUNTY OF LEE )

Plaintiff Teddy Windham, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_____
TEDDY WINDHAM

Subscribed and sworn to before me
this 23rd day of November, 2009.

_____
Notary Public

[Notary Seal: STATE OF MISSISSIPPI NOTARY PUBLIC, ID # 94480, KRISTA JOHNSON, Commission Expires Oct. 25, 2013, PONTOTOC COUNTY]